IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Sonya Denton,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>I C Systems, Inc.,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, SONYA DENTON, BY AND THROUGH COUNSEL, DANIEL M. BRENNAN, and for her Complaint against the Defendant, pleads as follows:

### **JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

### **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Bartlett, Shelby County, Tennessee.

3. Venue is proper in the Western District of Tennessee, Western Division.

## PARTIES

4. Plaintiff is a natural person residing in City of Bartlett, Shelby County, Tennessee.

5. The Defendant to this lawsuit is I C Systems, Inc., which is a foreign limited liability company that conducts business in the State of Tennessee.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect consumer type debt allegedly owed to ATT U Verse in the amount of $697.00 (the "collection item").

7. Defendant is reporting the collection item as disputed on Plaintiff's Trans Union credit disclosure.

8. Plaintiff no longer disputes the collection item.

9. On August 4, 2021, Plaintiff obtained her Trans Union credit disclosure and noticed Defendant reporting the collection items with the dispute comment.

10. On or about August 18, 2021, Credit Repair Lawyers of America on behalf of Plaintiff, sent Defendant a letter informing Defendant that the collection items are inaccurate and asked Defendant to remove the dispute comment from the collection items.

11. Defendant received the Plaintiff's letter on August 23, 2021.

12. On June 7, 2022, Plaintiff obtained her Trans Union credit disclosure, which showed Defendant last reported the collection item reflected by the Trans

Union credit disclosure on May 29, 2022 and failed or refused to remove the inaccurate dispute comment from the collection items, in violation of the FDCPA.

13. With disputed items appearing on her credit report, Plaintiff's FICO score is reporting inaccurately such that she is not eligible for conventional mortgage financing or refinancing. Mortgage rates are now at historic lows and Plaintiff cannot participate in this market, due to Defendant's failure to remove this dispute notation.

14. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

15. Defendant had more than ample time to instruct Trans Union to remove the dispute comment from the collection items.

16. Defendant's inaction to remove the dispute comment from the collection items was either negligent or willful.

17. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit report continues to be damaged due to the Defendant's failure to properly report the collection items. Additionally, Plaintiff suffered stress, frustration, and embarrassment due along with loss of sleep, headache, restlessness, and weight gain.

## VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates the preceding allegations by reference.

19. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect the collection items violated the FDCPA at 15 U.S.C. §1692e:

   a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection items with a dispute notation after being informed of the inaccuracy: and

   b. 15 U.S.C. §1692e(8) by reporting credit information which is known to be false, including failure to communicate that the debt is not disputed by failing to remove the inaccurate dispute notation from the collection items after being asked to do so by Plaintiff.

23. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

24. Defendant's failure to remove the inaccurate dispute comment from its collection items on Plaintiff's consumer credit file is annoying, humiliating, and embarrassing to the Plaintiff as it creates a false impression regarding her credit.

25. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from stress, frustration, and embarrassment due along loss of sleep, headache and weight gain as a result of Defendant's violations of the FDCPA.

26. Plaintiff has also suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: June 28, 2022

/s/ Daniel Brennan
Daniel M. Brennan
GA Bar Number 271142
Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: daniel@crlam.com

Attorney for Plaintiff
*Sonya Denton*